IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| SHEILA R. J.,[1] § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ANDREW SAUL, § <br> Commissioner of Social Security, § <br> § <br> Defendant. § | Civil Action No. 6:19-cv-00053-H-BU |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

The United States District Judge referred all motions for attorneys' fees in this case to the undersigned for a recommendation, and if necessary, a hearing. Dkt. No. 23. On May 21, 2021, Plaintiff filed a motion for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. No. 25. Upon review of the filings, evidence, and applicable law, the undersigned recommends that the motion be granted in part, and Plaintiff awarded $7,055.88 in attorneys' fees.

### I. BACKGROUND

Plaintiff filed a complaint in federal court appealing the decision of the Commissioner of Social Security, which denied Plaintiff disability insurance benefits under Title II of the Social Security Act. Dkt. No. 1.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

1

On February 26, 2021, the Court vacated the decision of the Commissioner of Social Security and remanded this case for further administrative proceedings pursuant to 42 U.S.C. § 405(g). Dkt. Nos. 20, 21. No party sought an appeal, and the judgment became final. Upon finality of the judgment, Plaintiff filed a motion seeking to extend time to file a motion for attorneys' fees under the EAJA until after conclusion of the administrative proceedings. Dkt. No. 22. The Court granted the motion (Dkt. No. 24), and Plaintiff thereafter timely filed her motion seeking reimbursement for attorneys' fees and expenses on May 21, 2021. Dkt. No. 25. The Commissioner filed his response in opposition on May 26, 2021. Dkt. No. 27.

## II. LEGAL STANDARD

The EAJA provides for the award of court costs and attorneys' fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

In determining attorneys' fee awards, the EAJA serves a dual purpose: "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *See Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988). An award of attorneys' fees under the EAJA must also be reasonable. 28 U.S.C. § 2412(b). The plaintiff bears the burden of proving the reasonableness of both the hourly rate and the number of hours. *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535-36 (5th Cir. 1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983)) (the fee applicant bears the burden of documenting the appropriate hours expended and hourly rates); *Von Clark v.*

*Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (the fee applicant holds the burden of proving that the number of hours requested is reasonable). In meeting this burden, a fee applicant may submit contemporaneous billing records for a determination of reasonable hours. *Johns v. Colvin*, No. 3:13-CV-4420-BH, 2016 WL 1366267, at *2 (N.D. Tex. Apr. 6, 2016) (citing *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)).

The reasonableness of attorneys' fees under the EAJA is determined by application of the 12-factor 'loadstar' test adopted by the Fifth Circuit in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). The court is not required to analyze every factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005); *see also Hensley*, 461 U.S. at 434, n. 9 ("[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate.") (internal citation omitted).

As for the reasonableness of the hourly rate, the EAJA provides that attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

"An award of attorney's fees rests within the sound discretion of the trial court." *Abrams*, 805 F.2d at 535. The Supreme Court recognized in *Pierce v. Underwood*, 487 U.S. 552, 571-74 (1988) that when a court finds that a cost of living increase justifies an

adjustment to the statutory fee cap, courts must consider that provision separately from the special factor provision. The Fifth Circuit similarly held that an adjustment for inflation is appropriately applied to the rate of the statutory fee cap. *Hall v. Shalala*, 50 F.3d 367, 370 (5th Cir. 1995).

Though not absolutely required, upon the receipt of proper proof of an increase in the cost of living, a court should make an appropriate adjustment to the statutory fee cap in light of the EAJA's dual mandate. *Baker*, 839 F.2d at 1084. Finally, because the EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor. *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996).

### III. DISCUSSION

The Commissioner does not dispute that Plaintiff was the prevailing party, the timeliness of the fee application, or the hours requested. Dkt. No. 27 at 1. Nor does the Commissioner argue that the position of the United States was substantially justified or that other circumstances would make an award of costs and fees to Plaintiff unjust.

Here, the only issue before the Court is whether the hourly rates claimed by Plaintiff for her attorneys' fees are reasonable.

In her application, Plaintiff submits a request for $7,277.41 in attorneys' fees, which she states reflects an hourly rate of $199.70 for 2.35 hours of attorney work performed in 2019 and a rate of $200.83 for 33.90 hours of attorney work performed in 2020 and 2021. Dkt. No. 25 at 7.

In support of her application, Plaintiff provides a list of services and time spent by her attorneys on her case. *See* Dkt. No. 25-6 at 2–4. This list reflects 2.35 hours worked in 2019, 32.30 hours worked in 2020, and 1.6 hours worked in 2021. *Id*.

Plaintiff argues that her proposed hourly rates are reasonable based on documented increases in the cost of living. *Id*. at 5. Plaintiff argues that the $125.00 statutory EAJA rate enacted in 1996, adjusted for inflation based on the Consumer Price Index ("CPI") for 2019, equates to $199.70. *Id*. Likewise, Plaintiff argues that the EAJA rate, adjusted for inflation based on the CPI for 2020 and 2021, equates to $200.83. *Id*.

The Commissioner objects to these hourly rates as excessive. Dkt. No. 27 at 1–3. The Commissioner argues that, for cases arising in the San Angelo Division, the appropriate hourly rate for attorney hours worked in 2019 is $187.12 per hour. *Id*. at 2–3. For hours worked in 2020 and 2021, the Commissioner contends that an hourly rate of $188.25 is appropriate. *Id*. The Commissioner's position, therefore, is that the award should be reduced to $6,821.40, accounting for 2.35 attorney hours worked in 2019 at $187.12 per hour and for 33.9 attorney hours worked in 2020 and 2021 at $188.25 per hour. *Id*. at 3.

The Commissioner argues that Plaintiff is inappropriately basing her proposed rates on the Consumer Price Index for All Urban Consumers ("CPI-U")—the CPI applicable to the Dallas/Fort Worth/Arlington area. *Id*. at 2. The Commissioner notes that in *Sherry E. v. Saul*, 6:19-CV-043-C-BU (N.D. Tex. October 13, 2020), the Court awarded an hourly rate of $187.12 for hours worked in 2019 and 2020 in the San Angelo Division. *Id*. The Commissioner also cites to an Abilene Division case where the Court expressly declined

5

to adopt rates deemed appropriate for the Dallas-Fort Worth area. *Id*. (citing *Darby v. Saul*, 1:17-CV-00032-C, 2019 WL 6791009, at *5 (N.D. Tex. Nov. 27, 2019), *report and recommendation adopted sub nom. Kimberly Kathryn D. v. Saul*, 1:17-CV-032-C-BE, 2019 WL 6790397 (N.D. Tex. Dec. 12, 2019)).

The Commissioner argues that the rates awarded in the recent Abilene case, *Jess W. v. Saul*, No. 1:18-CV-0173-C-BU (N.D. Tex. Mar. 22, 2021), should be found reasonable here. In *Jess W.*, the Court awarded an hourly rate of $187.12 for work performed in 2019 and $188.25 for work performed in 2020 and 2021. *Id*. at 2–3.

This Court recently addressed the hourly EAJA rates for fees awarded in the San Angelo Division in *William T. v. Comm'r of Soc. Sec.*, No. 6:18-CV-0055-BU (N.D. Tex. June 2, 2021). In *William T.*, as in this case, the Commissioner argued that the hourly rate should be $187.12 for attorney work performed in 2019 and 2020, citing *Sherry E*. *Id*. In rejecting the Commissioner's argument, this Court noted that the Commissioner had filed a response in *Sherry E.* in which the Commissioner argued:

> As Plaintiff points out, the past prevailing EAJA rate for the San Angelo Division has been $140.00 per hour since 2006, and Plaintiff submits that this amount should be increased because the cost of living has increased. *See* Plaintiff's Memorandum at Doc. 24, p. 8. Since San Angelo, Texas has a population of 100,257, the appropriate CPI is South Urban Size B, a CPI for cities with populations between 50,000 and 1,500,000. *See* U.S. Dept. of Labor, CPI South Urban Size B. Accordingly, **the proper rate for the San Angelo Division for 2019 and 2020 would be $194.36** based on the South Urban Size B CPI.

*William T.*, Dkt. No. 32 at 8 (quoting *Sherry E.*, Dkt. No. 25 at 2–3). On that basis, this Court found in *William T*. that an hourly rate of $194.36 was appropriate for hours worked in 2019 and 2020 in the San Angelo Division. *Id*.

6

The San Angelo rates for 2019 and 2020 in *William T.* reflected an average rise in the South Urban Size B CPI of 55.49% as measured from the year 1996 (the year EAJA was amended) to 2019/2020. *See* U.S. Dept. of Labor, CPI South Urban Size B. The 55.49% CPI increase, as applied to the statutory EAJA fee of $125.00 per hour, supported a reasonable rate of $194.36 for 2019 and 2020.

The Court agrees with the Commissioner's filing in this case that the application of the CPI-U would be inappropriate for San Angelo, as that CPI is better suited for large urban areas, including Dallas/Fort Worth. But the Court finds no reason to deviate from the rates for San Angelo set out in *William T.*, which this Court found reasonable based upon an application of the South Urban Size B CPI.

Accordingly, the undersigned finds that an hourly rate of $194.36 for hours worked in 2019 and 2020 to be reasonable in this case.

However, the Court notes that application of the South Urban Size B CPI renders a higher hourly rate than that requested by Plaintiff for hours worked in 2021. Due to recent increases in inflation, the South Urban Size B CPI for the first half of 2021 represents a 62.28% increase over the CPI for 1996. *See* U.S. Dept. of Labor, CPI South Urban Size B. That percent increase, as applied to the statutory EAJA fee of $125.00 per hour, renders a value of $202.85.

Accordingly, the undersigned finds Plaintiff's request for fees set at $200.83 per hour for hours worked in 2021 to be reasonable in this case.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's motion be GRANTED IN PART, and Plaintiff be awarded $7,055.88 in attorneys' fees as follows:

(1) 2.35 hours of attorney work for litigating Plaintiff's appeal in 2019 at an hourly rate of $194.36;

(2) 32.30 hours of attorney work for litigating Plaintiff's appeal in 2020 at an hourly rate of $194.36; and

(3) 1.6 hours of attorney work for litigating Plaintiff's appeal in 2021 at an hourly rate of $200.83.

To the extent that an award of attorneys' fees in excess of this amount was sought, the undersigned RECOMMENDS that such motion be DENIED IN PART.

## V.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient.  Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of

plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 29th day of July, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE