IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| SHEILA RENEE J.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:19-CV-0053-H-BU |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Acting Commissioner of Social Security | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION ON MOTION FOR AWARD OF ATTORNEY FEES UNDER 42 U.S.C. SECTION 406(B)

Before the Court is Plaintiff's Motion for Award of Attorney Fees Under 406(b) of the Social Security Act. Dkt. No. 30. After reviewing the record and the applicable law, the undersigned recommends that the Motion be granted.

### I.     BACKGROUND

Plaintiff filed a complaint in federal court appealing the decision of the Commissioner of Social Security denying her disability insurance benefits under Title II of the Social Security Act. Dkt. No. 1. On February 26, 2021, the Court vacated the decision of the Commissioner of Social Security and remanded this case for further administrative proceedings pursuant to 42 U.S.C. § 405(g). Dkt. Nos. 20, 21.  No party sought an appeal, and the judgment became final.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

1

Plaintiff then filed a motion seeking to extend time to file a motion for attorney fees under the EAJA until after conclusion of the administrative proceedings. Dkt. No. 22. The Court granted the motion, Dkt. No. 24, and Plaintiff thereafter timely filed her motion seeking reimbursement for attorney fees and expenses on May 21, 2021. Dkt. No. 25. The Commissioner filed a response in opposition on May 26, 2021. Dkt. No. 27. The undersigned recommended that the District Judge award Plaintiff attorney fees under EAJA in the amount of $7,055.88, Dkt. No. 28, which the District Judge accepted. Dkt. No. 29.

As a result of the remand, Plaintiff received a favorable decision from the Social Security Administration (SSA) "finding Plaintiff disabled beginning April 11, 2014." Dkt. No. 30 at 1. The SSA sent Plaintiff a Notice of Award on March 15, 2023, informing her of entitlement to past-due benefits in the amount of $100,507.90, of which $24,278.00—25% of the total amount—was withheld for attorney fees. *Id*. at 2; Dkt. No. 30-2 at 3-4. The withheld amount was the maximum amount of fees recoverable "under § 406(b)(1) for legal services performed on Plaintiff's behalf at the federal court level." Dkt. No. 30 at 2. Through the Motion now before the Court, Plaintiff's attorneys are requesting a fee in the amount of $17,000.00 for services performed in federal court on Plaintiff's behalf. *Id*.

Plaintiffs' attorneys point out that "[w]hen attorney fees are awarded for the same services under both the Social Security Act and the EAJA, the attorney is obligated to refund the lesser of the two fees for the same services to Plaintiff, thus ensuring that the Plaintiff receives the fee shifting benefit of the EAJA." *Id*. at 12. For this reason, Plaintiff's attorneys represent that "[s]hould the Court grant this Motion, [her attorneys] will, of

2

course, promptly refund the amount of the lesser fee for the same services to Plaintiff as the law requires." *Id*. at 11-12.

In the contract between Plaintiff and her attorneys dated December 6, 2018, Plaintiff agreed to pay her attorneys 25% of all past-due benefits. Dkt. No. 30-4 at 3. Through the Motion, her attorneys state that they spent 36.25 hours working on Plaintiff's federal court case. Dkt. No. 30 at 3. Plaintiff was represented by two attorneys in her federal court case. Attorney Michael T. Kelly expended 4.75 hours on Plaintiff's federal court case. Dkt. No. 30-3 at 2-3. Kelly includes an affidavit with the Motion indicating he has been "licensed for 32 years (admitted to the State Bar of Texas in May 1988), and practicing almost exclusively Social Security law for approximately 27 years." *Id*. at 2. Kelly describes his extensive experience in Social Security work, and states that "the hourly rate for attorneys with my similar experience is $463.00 per hour." *Id*. at 3. Attorney Martin W. Long expended 31.50 hours on Plaintiff's case. *Id*. at 4. He also provides an affidavit indicating he has "been licensed for 32 years (admitted to the State Bar of Texas in 1987), and practiced Social Security disability law almost exclusively for approximately 30 years with both the Social Security Administration and in private practice." *Id*.

In response to the Motion, the Commissioner states that she "takes no legal position as to the appropriateness or reasonableness of Counsel's request because she is not the true party in interest." Dkt. No. 31 at 1. But the Commissioner nevertheless "submits that [Plaintiffs' attorney's] requested fee does not appear to be unreasonable" and "does not independently question the reasonableness of the requested fee." *Id*. at 1, 4.

## II. DISCUSSION

Section 206(b)(1)(A) of the Social Security Act states that,

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). *See also Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) ("§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand"). This provision is not meant to displace contingent-fee agreements, but rather provides the "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

Contingent fee contracts that provide for fees more than 25% are considered unreasonable and consequently unenforceable. *Id.* at 807–08. A court may reduce a fee depending on "the character of the representation and the results the representative achieved." *Id.* at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010) (quotation marks and citation omitted).

An attorney seeking to recover a fee has the burden of showing that the fee requested is reasonable. Although courts often use the lodestar method for evaluating the reasonableness of attorney fees, the Supreme Court has held that this method does not apply to an application for attorney fees under § 406(b)(1)(A) because § 406(b) does not allow recovery from the losing party. *Gisbrecht*, 535 U.S. at 801–02. The Fifth Circuit has

recognized several factors the Court should consider when evaluating a claim for attorney fees under § 406(b)(1)(A). These include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 381–82.

When an attorney has been awarded a fee under both the EAJA and § 406(b), the attorney must refund to the Plaintiff the lesser fee. H.R. Rep. No. 120, 99th Cong. 1st Sess. 19, *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 148; *see also Gisbrecht*, 535 U.S. at 796.

Here, an application of these factors supports an award of $17,000.00 to attorneys Plaintiff's attorneys, Kelly and Long. There is an inherent risk of loss involved in Social Security appeals that commonly results in a lack of compensation to the attorney. *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases). *See also Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (recognizing that on average 35 percent of persons appealing their Social Security disability cases to federal court recover benefits).

Additionally, Plaintiff's attorneys have detailed their significant experience in the field of Social Security law. *See* Dkt. No. 30-6 at 2-5. Plaintiff agreed that her attorneys would receive 25% of past due benefits if Plaintiff received a favorable outcome. Dkt. No. 30-4. Importantly, the requested fee here is within the 25% rule, representing approximately 17% of the past due benefits. Dkt. No. 30 at 8. Plaintiff's favorable outcome

was undoubtedly valuable to her as it resulted in past due benefits dating back to 2014, and Plaintiff will continue to receive benefits in the future. Dkt. No. 30-2 at 2-6.

Plaintiff's case also likely presented some degree of difficulty as it had been unsuccessful throughout the administrative process. *See, e.g*, *Adrienne W. v. Saul*, No 3:17-cv-1218-N-BT, 2020 WL 2364635 (N.D. Tex. Mar. 24, 2020), *report and rec. adopted*, 2020 WL 2331702 (N.D. Tex. May 8, 2020); *Cullar v. Saul*, No. 7:19-CV-00027-O-BP, 2021 WL 295842 (N.D. Tex. Jan. 8, 2021), *report and rec. adopted*, No. 7:19-CV-00027-O-BP, 2021 WL 289270 (N.D. Tex. Jan. 28, 2021) ("The fact that Plaintiff was not successful at the administrative level is some evidence of the difficulty of the issues . . . [his attorney] confronted in pursuing the case in this Court.").

For these reasons, the undersigned RECOMMENDS that the Motion, Dkt. No. 30, be granted and that Plaintiff's attorneys be awarded attorney fees in the amount of $17,000.00 under 42 U.S.C. § 406(b), to be certified and disbursed by the Commissioner. The undersigned further RECOMMENDS that Plaintiff's attorneys be ordered to promptly return to Plaintiff the $7,055.88 attorney fee previously awarded under EAJA.

### III.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation must be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's

findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    ORDERED this 31st day of August, 2023.

                                                               _____
                                                               JOHN R. PARKER
                                                               UNITED STATES MAGISTRATE JUDGE